Mr. Reginald Rogers, Legal Counsel Arkansas Department of Health 4815 West Markham Street Little Rock, AR 72205-3836
Dear Mr. Rogers:
A request has been submitted to this office pursuant to A.C.A. §25-19-105(c)(3)(B) for an opinion concerning the release of certain records under the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §25-19-101 et seq.). Section 25-19-105(c)(3)(B) authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's decision regarding the release of personnel or employee evaluation records is consistent with the FOIA.
The relevant supporting information that was submitted to my office reflects that a request was made under the FOIA for the name of the person who served as the Department of Health's (hereinafter "Department") newborn screening laboratory supervisor ("supervisor") in August 2004, and the salary of that person for 2004 and 2005. As also reflected in the supporting information, a visit to the laboratory by federal regulators was recently the subject of a newspaper article that recounts certain actions of the supervisor that led to his "reassignment." Arkansas Democrat Gazette, April 7, 2005. Apparently, the article's source of information in this regard was an e-mail from the director of a Department division that oversees the laboratory. Id. The supervisor of the lab was not named in the e-mail. Id. The Department released the e-mail to the newspaper, but did not identify the supervisor.
The subject of the records in this instance reports that the Department has determined that a record of his name and salary are open to inspection and copying under the FOIA.
RESPONSE
In my opinion, the custodian has properly determined that records reflecting the salary information must be provided pursuant to the FOIA. The appropriate analysis is potentially more complicated with respect to the name of the public employee. Depending upon the particular surrounding circumstances, I believe it is possible that the release of the name coupled with the e-mail would be tantamount to an improper release of job performance records. Not having seen the e-mail or any other records relevant to the supervisor's reassignment, however, I cannot definitively decide this matter. Nevertheless, I can and will set forth the general analysis to guide the factual review.
First, regarding salary, I and my predecessors have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying under the test applicable to "personnel records." See, e.g., Op. Atty. Gen. 2004-320 and opinions cited therein.[1] The public interest in this type of information is substantial and any potential privacy interest does not outweigh it. Id.
Second, regarding the employee's name, as a general rule the name of a public employee, like salary information, is contained in records that are properly classified as "personnel records." See Op. Att'y Gen. 2003-095
and opinions cited therein. My predecessors and I have each opined that the names of public employees are generally subject to release under the personnel records test. See, e.g., Op. Att'y Gen. Nos. 2004-255, 2002-087, and 90-335. As stated in Opinion 90-335, "[t]he `public' is the employer of these individuals, and pays their salaries. It is not unreasonable to expect that an employer would have an interest in knowing whom it employs." See also Op. Att'y Gen. 97-286 ("The identity of public employees is ordinarily a matter of significant public interest.") Additionally, as stated in Op. Att'y Gen. 95-220, "[c]ourts have found relatively little privacy interest in records revealing names of public employees." Consequently, the public interest in knowing the names of public employees generally will outweigh any privacy interest and the names will be subject to disclosure.
Further analysis is warranted under the particular facts in this case, however, in light of the newspaper article. In my opinion, the information reported in this article raises the question of whether the Department would in effect be disclosing job performance records by releasing the supervisor's name. Subsection (c)(1) of A.C.A. § 25-19-105
provides as follows in this regard:
 Notwithstanding subdivision (b)(12) of this section, [concerning personnel records] all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
According to a recognized commentator on the FOIA, this exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. J. Watkins, The ArkansasFreedom of Information Act (mm Press, 3d ed. 1994) at 141-142. As stated by Professor Watkins:
 The exemption for evaluation records reflects the public interest in maintaining an effective public employee evaluation system as well as the privacy interests of employees. Without an exemption for such records, supervisory personnel who perform the evaluations may not be candid in assessing employee performance. Also, routine disclosure of the records could undermine one important objective of the evaluation process identification of weaknesses with an eye toward fostering improvement by revealing an employee's deficiencies before he has an opportunity to correct them. The evaluation exemption serves the same purpose as the exemption in Section 25-19-106 of the FOIA that permits a governing body to hold a closed meeting to discuss personnel matters, a provision that dates to the act's passage in 1967.
Id. (footnotes omitted).
The priority on protecting personnel evaluations from disclosure is reflected in the terms of subsection (c)(1) insulating such records unless the employee has been suspended or terminated by final administrative action, and only then if a "compelling public interest" dictates disclosure. Suspension or termination is therefore a prerequisite to the release of employee evaluation or job performance records. See e.g., Op. Att'y Gen. Nos. 2001-246; 2000-224; 98-210.
Turning to the facts before me, it seems clear from the news article that personnel action short of termination or suspension was taken following an investigation of some sort. The precise nature of that investigation is unclear, however; and in my view the particular circumstances and any other relevant records must be considered in order to determine whether releasing the name in conjunction with the e-mail would be contrary to A.C.A. § 25-19-105(c)(1), supra. If the employer conducted an investigation and the e-mail essentially restates information that is contained in the record(s) of that investigation, then it is my opinion that the name should not be released. Cf. Op. Att'y Gen. Nos. 2003-016
(question of whether summaries of an investigator reflect the substance of a previous employer's evaluation of the employee's performance or lack of performance on the job) and 94-391 (noting that information concerning job performance or evaluation of an employee might be related in detail such that the record must be deemed an employee evaluation or job performance record, "for otherwise the entire purpose of the exemption would be thwarted.") As I and my predecessors have previously noted, however, documents not created in the evaluation process do not come within the rationale underlying the § 25-19-105(c)(1). See Op. Att'y Gen. Nos. 2004-012; 2001-142; 2000-179; 99-283.
It is apparent from the foregoing that I cannot conclusively determine whether the custodian's decision to release the employee's name was consistent with the FOIA. This requires additional factual determinations that are outside the scope of this opinion. I have set forth the above analysis in an effort to guide the factual review that must be undertaken by the custodian, who must finally decide the matter.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] "Personnel records" are open to public inspection and copying under the relevant statute, A.C.A. § 25-19-105, except to the extent that disclosing them would constitute "a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2003).